IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:20-cr-00333-AA |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| TIMOTHY JOHN ROURKE, | |
| Defendant. | |

AIKEN, District Judge:

Before the Court is defendant Timothy John Rourke's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 50. The Court held a hearing on June 14, 2021. ECF No. 53. For the following reasons, the motion is GRANTED.

## BACKGROUND

On December 17, 2018, Mr. Rourke was charged by complaint with Possession With Intent to Distribute 50 Grams or More of a Mixture of Methamphetamine in

violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii) and Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). ECF No. 1. On August 12, 2020, Mr. Rourke was charged by information with Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii). ECF No. 29.

On October 8, 2020, Mr. Rourke waived indictment and entered into a plea agreement with the Government. ECF Nos. 36, 38, 39. On the same day, Mr. Rourke pleaded guilty to the single count of the Information. ECF Nos. 37, 39. On February 10, 2021, this Court sentenced Mr. Rourke to seventy-two months in prison with four years of supervised release. ECF Nos. 47, 48.

Mr. Rourke has been serving his sentence at FCI Sheridan and has approximately 2.5 years left on his sentence. Mr. Rourke is 56 years old and suffers from a significant and persistent lower urinary tract disorder. On March 9, 2021, the BOP arranged for Mr. Rourke to be seen by an outside urologist who put a temporary Foley catheter in place for Mr. Rourke. Mr. Rourke was subsequently placed in quarantine for two weeks as part of an effort to combat Covid-19. During that time, Mr. Rourke was in serious pain from his urinary tract disorder. BOP officials at FCI Sheridan attempted to contact the outside urologist on March 23, March 30, April 1, April 7, April 8, April 14, and twice on April 15, 2021, without success. During this period, on April 7, 2021, Mr. Rourke's condition had deteriorated to the point where he removed the catheter himself. Mr. Rourke was seen by a doctor over "Medline" and taught to use a self-catheter. Mr. Rourke was only provided with hard, inflexible catheters for self-use and the pain associated with applying the catheter was

"extraordinary." Mr. Rourke was eventually seen by a medical professional on April 28, 2021 and was prescribed flexible catheters for self-use. He continues to suffer from pain and inflammation from using the rigid catheters. During this period, Mr. Rourke developed a urinary tract infection and there is blood in his urine.

Mr. Rourke submitted a request for compassionate release to the warden of FCI Sheridan on February 17, 2021. Mr. Rourke filed this motion on June 7, 2021, and the Court held a hearing on June 14, 2021.

## STANDARDS

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Compassionate release under § 3582(c)(1)(A) provides an exception in rare cases. Until 2018, § 3582 allowed compassionate release only upon a motion by the Bureau of Prisons ("BOP"). With the passage of the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (Dec. 21, 2018), Congress authorized courts to modify a defendant's sentence on a motion filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

Under § 3582(c)(1)(A), a court may reduce a defendant's sentence if it finds that two conditions are met: (1) that "[e]xtraordinary and compelling reasons warrant such a reduction" and (2) "that such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission." If the court finds that those conditions are met, before granting a sentence reduction, it must "consider[] the factors set forth in [18 U.S.C.] § 3553(a) to the extent applicable[.]" 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (reasoning that "[18 U.S.C. §§ 3582(c)(1) and (c)(2)'s parallel language and structure[] compel us to conclude that compassionate release hearings are sentence-modification proceedings and that courts considering motions filed under § 3582(c)(1) must follow a *Dillon*-style test" and describing the three-part test for compassionate release motions (citing *Dillon*, 560 U.S. at 827, 829–30)).

The Sentencing Commission's policy statement regarding sentence reductions under § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13. The policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age, medical conditions, and family circumstances. U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). It also requires courts to find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* § 1B1.13(2). But this policy statement, which has not been updated since the First Step Act amended § 3582(c)(1)(A), only applies to motions filed by the BOP Director on behalf of a defendant. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). On a defendant's direct motion for compassionate release, the policy statement "may inform a district court's discretion, . . . but [it is] not binding." *Id.* As a result, the court may consider any extraordinary and compelling reason for release that a defendant might raise. *Id.*

## DISCUSSION

Mr. Rourke submitted his request for compassionate release to the Warden of FCI Sheridan on February 17, 2021 and received no response. Mr. Rourke has exhausted his administrative remedies and his motion is properly before the Court.

Mr. Rourke contends that his health conditions and his inability to manage his catheter, with the attendant risk of serious and persistent infections place him at elevated risk of contracting Covid-19. Courts have considered persistent urinary tract infections in granting motions for compassionate release. *See, e.g., Snell v. United States*, Criminal Case No. 16-20222-6, 2020 WL 2850038, at *2-3 (E.D. Mich. June 2, 2020) (granting compassionate release for an inmate with spina bifida who required self-catheterization and who suffered repeated UTIs during the Covid-19 pandemic). Despite the best efforts of prison staff, the BOP has been unable to secure the medical care necessary to treat Mr. Rourke's urinary tract disorder. FCI Sheridan is currently experiencing a resurgent outbreak of Covid-19, which has further complicated BOP's efforts to provide care for Mr. Rourke.

In addition to his urinary tract disorder, Mr. Rourke suffers from an unspecified heart condition, high blood pressure, and hyperlipidemia, which the Centers for Disease Control and Prevention have recognized as risk factors for becoming severely ill from Covid-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed June 13, 2021). Circumstances have seriously impaired Mr. Rourke's ability to provide "self-care" for his conditions.

Accordingly, the Court concludes that Mr. Rourke has shown extraordinary and compelling reasons for release. On consideration of the § 3553(a) factors, the Court concludes that a reduction in sentence is warranted.[1] Mr. Rourke has been in custody since his arrest on December 18, 2018 and has served more than half of his sentence. As discussed on the record and as set forth in the accompanying Amended Judgment, Mr. Rourke will be released to home detention at the home of his son in Halsey, Oregon for the balance of his custodial sentence. Mr. Rourke will be subject to a curfew set by his probation officer and his movement in the community will be restricted at all times except for employment, education, religious services, medical treatment, mental health or substance abuse treatment, attorney visits, court appearances, court-ordered obligations, or other activities pre-approved by Mr. Rourke's probation officer. The Court finds that imposing an extended condition of home confinement and regular status conferences in this case will be sufficient to ensure that Mr. Rourke does not reoffend and, considering Mr. Rourke's age, his serious health conditions, and the record in the case, the Court concludes that Mr. Rourke does not present a danger to the community under 18 U.S.C. § 3142(g).

Mr. Rourke is directed to appear at a telephonic status hearing on July 9, 2021 at 3:30 p.m.

---

[1] In imposing a sentence which is sufficient, but not greater than necessary, the Court considers *inter alia*, the nature and circumstances of the offense, the history and characteristics of the defendant, community safety, the kinds of sentences available, the need to avoid unwanted disparities in sentencing, and all other obligations of sentencing, including punishment, deterrence, and rehabilitation. 18 U.S.C. § 3553(a).

## CONCLUSION

Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release), ECF No. 50, is GRANTED on the terms set forth above and in the accompanying Amended Judgment.

It is so ORDERED and DATED this 15th day of June 2021.

/s/Ann Aiken
Ann Aiken
United States District Judge